## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

_____

WAYLAN MALUGIN,

     Plaintiff,

vs.                                     No.
                                           JURY DEMANDED

MOUNTAIN STATES CONTRACTORS, LLC

     Defendant.

## COMPLAINT

**COMES THE PLAINTIFF, WAYLAN MALUGIN**, and files this Complaint against the Defendant, **MOUNTAIN STATES CONTRACTORS, LLC.** He shows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, WAYLAN MALUGIN, is a citizen and resident of Maury County, Tennessee.

2.    Defendant, MOUNTAIN STATES CONTRACTORS, LLC, is an employer operating and doing business in Nashville, Tennessee, where it employed Plaintiff.

3.    This Court has jurisdiction pursuant to 28 U.S.C. 1331 and the Americans with Disabilities Act, with amendments, 42 U.S.C. §12011 et. seq.   Plaintiff has exhausted administrative prerequisites by filing with the EEOC, receiving a Notice of Right to Sue, and by filing this action within the requisite ninety (90) days after receiving the Right to Sue. Venue is proper because the alleged acts in this lawsuit occurred in this judicial district and/or because the Defendant conducts business in this judicial district.

## II.    FACTUAL BASES FOR SUIT

4.      Plaintiff has medical impairments to his back and also has the impairment of attention deficit disorder.  Under the amended ADA, these unmitigated medical impairments are substantially limiting in major life activities of lifting, focus, and concentration.

5.      But through the mitigating measure of medication, most notably Adderall, plaintiff was able to capably perform his job.

6.      Defendant became concerned about whether plaintiff was safe to work with these mitigating measures. Therefore Defendant asked for a note from his doctor stating he was safe to work.

7.      Plaintiff, of course, does not have his physician on speed dial and cannot obtain an immediate turnaround on a letter addressing his job description, safety and direct threat, or the effect of medications. But he surely did his part in engaging in this interactive process and actively working to get such a note from this physician. He also regularly kept in contact with Human Resources. When he texted and then emailed the note from his physician, a copy of which is attached hereto, Human Resources told him that he had already been terminated.

8.      Plaintiff was terminated for taking a mitigating measure relating to his disability and/or defendant breached the interactive process by obfuscating or arbitrarily claiming it took too long.

9.      Plaintiff enjoyed this job very much and has suffered the effects of wrongful termination. That is, he has suffered lost wages (backpay and likely frontpay), and he has suffered worry, anxiety, and frustration due to the loss of his job. He seeks these damages along with punitive damages due to the company's intentional or reckless deprivation of his federal rights.  He also seeks attorneys fees and costs.

## III.    LEGAL CAUSES OF ACTION

10.    Plaintiff brings this action for disability discrimination under the ADAAA (actual disability, regarded as disability, or record of disability) as well as breach of the interactive process for a reasonable accommodation of use of medication.

11.    Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant Answer this Complaint and that Plaintiff be awarded damages to all actual damages, compensatory damages, punitive damages, attorneys fees, and costs.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER**
**SCOTT BOBBITT PLC**

**s/ Justin S. Gilbert**
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jonathan L. Bobbitt (TN Bar No. 23515)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*